IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DOMINIQUE L. NIXON,** | : | **HABEAS CORPUS** |
| Petitioner, | : | **28 U.S.C. § 2254** |
| | : | |
| v. | : | |
| | : | |
| **STATE OF GEORGIA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:13-CV-3119-TWT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Petitioner, Dominique L. Nixon, an inmate at the Georgia Diagnostic and Classification Center in Jackson, Georgia, submitted a filing in which he attempts to challenge his guilty plea and sentence in an unspecified criminal action. [Doc. 1.] The case is before the Court on submission of the Court's October 7, 2013 Order, which (1) required Petitioner to amend and clarify the conviction that he intended to challenge and (2) required him to pay the filing fee or seek leave to proceed *in forma pauperis*. [Doc. 2.] The undersigned advised Petitioner that failure to comply with that directive could result in the dismissal of the action and directed the Clerk to resubmit this action at the expiration of the specified time period. [*Id.* at 2-3.]

The time period having expired, the matter again is before the Court. As of December 12, 2013, the records of the Clerk of Court indicate that Petitioner has not

AO 72A
(Rev.8/82)

submitted an amendment, the applicable filing fee, or a financial affidavit as ordered and has not otherwise responded.

This action should be dismissed without prejudice due to Petitioner's failure to obey a lawful court order. *See* LR 41.3 A.(2), NDGa., *see also Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006) (affirming dismissal under Rule 41.3 and Federal Rule of Civil Procedure 41(b) for failure to comply with district court's order).

Additionally, a certificate of appealability should be denied because it is not debatable that Petitioner has failed to respond as ordered. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (" 'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate

2

from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

Accordingly,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** due to Petitioner's failure to comply with a lawful order of the Court and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 13th day of December, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)